UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TONY ROMANO,

              Plaintiff,

v.                              Case No:   2:12-cv-313-Ftm-29UAM

KEVIN J. RAMBOSK, RICHARD P.
GIBBONS, PRISON HEALTH
SERVICES, INC., CORIZON HEALTH,
INC., INDIANA CRUZ, MARYAM
NABAVI, JANNETTE VALENTINE,
MARCIA ECKLOFF, PRISCILLA
UPTON, TRINITY SERVICES GROUP,
INC., TOM BOWMAN, SANDRA
STERNAL, RICHARD DANIELS, DAVID
DELLINGER, ALAN CROOKS, BETH
RICHARDS, KEVIN MCGOWAN,
PATRICIA GIFFORD, LYNNI
O'HAVER, NELSON P. RAY, NINO
ARMINO, VIRGINIA WILSON and
ELIZABETH ALFIERI,

              Defendants.

_____/

## OPINION AND ORDER

This matter comes before the Court upon review of the following:

> Motion to Dismiss Plaintiff's Second Amended
> Complaint or Alternative Motion for Summary
> Judgment filed by Defendants Thomas Bowman and
> Sandra Sternal (Doc. 114, filed August 8, 2013);

> Motion to Dismiss Plaintiff's Second Amended
> Complaint or Alternative Motion for Summary
> Judgment filed by Defendant Trinity Services
> Group (Doc. 115, filed August 1, 2013);

> Motion to Dismiss Plaintiff's Second Amended
> Complaint by Defendants Corizon Health, Inc.,
> Indiana Cruz, Maryam Nabavi, Janette Valentin,
> Marcia Eckloff, Priscilla Upton, and Elizaeth
> Alfieri (Doc. 119, filed August 8, 2013); and

> Motion to Dismiss Counts V, VI, VII, VIII, IX,
> X, XI, XII, XIII, XIV, and XV of Plaintiff's
> Second Amended Complaint by Defendants Nino
> Armino, Alan Crooks, Richard Daniels, David
> Dellinger, Richard P. Gibbons, Patricia Gifford,
> Kevin McGowan, Lynni O'Haver, Nelson P. Ray,
> Beth Richards, Virginia Wilson (Doc. 122, filed
> August 8, 2013).

Plaintiff has filed a response to each of the motions to dismiss, and the motions are ripe for review (Doc. 127; Doc. 128; Doc. 129, Doc. 130, filed September 9, 2013).

For the reasons set forth in this Order, the motion to dismiss filed by Defendants Corizon Health, Inc., Indiana Cruz, Maryam Nabavi, Janette Valentin, Marcia Eckloff, Priscilla Upton, and Elizaeth Alfieri is granted; the motion to dismiss filed by Defendants Nino Armino, Alan Crooks, Richard Daniels, David Dellinger, Richard P. Gibbons, Patricia Gifford, Kevin McGowan, Lynni O'Haver, Nelson P. Ray, Beth Richards, Virginia Wilson is granted; the motion to dismiss or alternative motion for summary judgment filed by Defendants Thomas Bowman and Sandra Sternal is granted in part and denied in part; and the motion to dismiss or alternative motion for summary judgment filed by Defendant Trinity Group, Inc. is denied. Plaintiff may file a third amended complaint.

### I.  Background

The allegations in Plaintiff's second amended complaint concern conditions at the Collier County Jail from September 30, 2011 until July 28, 2012 and from January 3, 2013 until July 19, 2013, the date on which Plaintiff filed his second amended complaint (Doc. 113 at

2

¶¶ 13, 19).[1] Plaintiff asserts that he suffers from intermittent quadriplegia and permanent paraplegia (Doc. 113 at ¶ 12).  As a result of his condition, Plaintiff cannot urinate normally and must use a catheter or stent for elimination.  Id. at ¶ 12.  In order to have normal bowel movements, Plaintiff must eat a medically prescribed diet.  Id. at ¶¶ 12, 24.  Plaintiff uses long leg braces for short ambulation and an electric wheelchair for longer ambulation.  Id. at ¶ 15.  During the material times, Plaintiff suffered from carpal tunnel disorder in both wrists which proscribed the use of a manual wheelchair for ambulation.  Id. at ¶ 16.

The cells in which Plaintiff was housed at the Collier County Jail lacked the necessary modifications to accommodate Plaintiff's

_____

[1] The Court takes judicial notice that Plaintiff was transferred from the Collier County Jail to state prison on, or about December 6, 2013. See http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=221560651 and http://www2.colliersheriff.org/arrestsearch/Person.aspx?pin=0000739084.
        It is not clear from the second amended complaint whether Plaintiff was a pre-trial detainee while incarcerated at the Collier County Jail.  Whether Plaintiff had been convicted at the time of the alleged unconstitutional acts by the defendants or whether he was a pre-trial detainee makes no difference.  The Eighth Amendment applies to convicted inmates, not pretrial detainees.  A pretrial detainee's "constitutional rights arise not from the Eighth Amendment, but from the Due Process Clause of the Fourteenth Amendment." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995). Whether or not the Court treats Plaintiff as a pretrial detainee or a convicted prisoner makes no difference, however, because "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." Marsh v. Butler County, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). This analysis therefore refers only to the Eighth Amendment. See Purcell v. Toombs County, 400 F.3d 1313, 1318 n.13 (11th Cir. 2005).

disabilities (Doc. 113 at ¶ 19).  Specifically, the cells lacked sufficient room to turn Plaintiff's wheelchair and did not have transfer mechanisms to allow Plaintiff to safely move between the bed, toilet, and sink.  <u>Id.</u> at ¶ 19.  Plaintiff's cells also lacked adequate access to water, soap, and means to clean himself after urinating through the use of a catheter and after defecating.  <u>Id.</u> at ¶¶ 1, 299. Because of the lack of accommodation, Plaintiff is often left with feces and urine on his hands with no way to avoid contaminating his wheelchair and clothing.  <u>Id.</u> at ¶ 29.  Defendants refused to provide Plaintiff with an electric wheelchair and required Plaintiff to use a manual wheelchair to ambulate.  <u>Id.</u> at ¶ 20.

Plaintiff has not been provided with an adequate number of stents or latex gloves to maintain healthy sterile procedures during urination and defecation (Doc. 113 at ¶ 29). Defendants refused to provide Plaintiff with an appropriate brace for short movements and transfers. <u>Id.</u> at ¶ 29.

Plaintiff filed numerous grievances regarding the lack of ADA accommodations at the Collier County Jail (Doc. 113 at ¶ 21).  In response to the grievances, Plaintiff was subjected to discipline in the form of restraints, administrative confinements, the denial of medically necessary supplies, the denial of access to shower facilities, and the denial of an electric wheelchair.  <u>Id.</u> at ¶¶ 23, 32.

4

Plaintiff asserts that the defendants failed to meet his medically required dietary needs and refused to correct the violations (Doc. 113 at ¶ 27). Plaintiff was served meals that did not comply with his established dietary requirements, and he received meals that directly conflicted with his medical orders and prescriptions. Id. at ¶ 35. In addition, Plaintiff was forced to take meals in the jail cafeteria which caused Plaintiff to periodically miss breakfast because Plaintiff could not properly clean himself to be in a presentable state for cafeteria meals. Id. at ¶ 34. In addition, the cafeteria did not allow Plaintiff to take his meals while in his wheelchair. Id. at ¶ 34.

Plaintiff asserts that as a result of the "current policies and operations, as operated by the Collier County Sheriff's Office, Plaintiff has no reasonable means of equal access to the jail facilities, programs, and interaction with other inmates."[2] (Doc. 113 at ¶¶ 42, 44, 51, 58, and 59).

Plaintiff asserts that Defendants Cruz, Nabavi, Valentin, Eckloff, Upton, and Alfieri (collectively "individual medical defendants") violated his constitutional rights under the Eighth and Fourteenth Amendments against cruel and unusual punishment (Doc. 113 at 22-26). He also raises negligence claims against these defendants

---

[2] Although not entirely clear, the second amended complaint appears to suggest that the Collier County Sheriff's Department has violated the ADA by restricting the use of Plaintiff's electric wheelchair and that this restriction resulted in cruel and unusual punishment under 42 U.S.C. § 1983.

and against Corizon Health Services, Inc. and alleges that "Corizon and its employees owed a duty of care to Plaintiff to provide reasonable care and services to inmates and to Plaintiff while he was incarcerated and under the supervision, care, custody, and control of the Collier County Sheriff's Office." (Doc. 113 at ¶ 143). Specifically, Plaintiff asserts that Corizon and its Employees failed to provide adequate medical devices to Plaintiff; failed to provide sterile stents and latex gloves and cleansing produces with appropriate instructions to accommodate Plaintiff's serious medical needs; and failed to provide adequate clothing in light of Plaintiff's known medical needs and disability. Id. at ¶ 144.

Plaintiff asserts that Defendants Crooks, Dellinger, Daniels, Wilson, Armino, Ray, O'Haver, Gibbons, Gifford, Richards, and McGowan (collectively "deputy defendants") violated his constitutional rights under the Eighth and Fourteenth Amendments against cruel and unusual punishment (Doc. 113 at ¶¶ 71, 74, 77, 80, 83, 86, 89, 92, 94, 98, and 101).

As a result of the foregoing, Plaintiff claims that he has suffered from: (a) re-injury and exacerbation of bilateral carpel tunnel syndrome; (2) repeated urinary tract infections, fever, and pain; (3) kidney infection; (4) e. coli infection; (5) physical and emotional pain and suffering; (5) repeated bouts of severe constipation; (6) lack of access to points of service throughout the

Collier County Jail; (7) bed sores; and (8) missed meals due to lack of ADA compliance (Doc. 113 at ¶ 37).

Plaintiff seeks from each individual medical defendant a declaration that Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution were violated; compensatory damages; punitive damages; and costs, fees, and litigation expenses (Doc. 113 at 22-26). As to his negligence claims, Plaintiff seeks a declaration that Prison Health Services and its employees breached the duty of care to Plaintiff; a declaration that the defendants' breach of duty was also a violation of Plaintiff's constitutional rights and rights secured under the Americans with Disabilities Act; compensatory damages; punitive damages; and costs, fees, and litigation expenses (Doc. 113 at 31).

Plaintiff seeks from each deputy defendant a declaration that Plaintiff's constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution were violated; compensatory damages; punitive damages; and costs, fees, and litigation expenses (Doc. 113 at 15-22).

The medical defendants seek dismissal of the claims against them on the grounds that the second amended complaint violates Rule Eight of the Federal Rules of Civil Procedure (Doc. 119 at 2). Specifically, the medical defendants assert that other than identifying each medical defendant, "[n]othing else in the Complaint specifically identifies the conduct asserted to be unlawful or the

7

individual or individuals responsible for that conduct.  Instead, the Complaint is merely a hodgepodge of alleged wrongdoing without any focus." (Doc. 119 at 3).  Accordingly, the medical defendants seek dismissal of Counts XVI – XXI of Plaintiff's second amended complaint.  The medical defendants also assert that Plaintiff has failed to comply with Florida's Medical Malpractice Act which sets out a "complex presuit investigation procedure that both the claimant and defendant must follow before a medical negligence claim may be brought in court." (Doc. 119 at 4) (quoting <u>Kukral v. Mekras</u>, 679 So. 2d 278, 280 (Fla. 1996)).  As such, the medical defendants request that this Court dismiss Counts XVI and XVII of the second amended complaint which attempt to assert medical negligence claims. <u>Id.</u>

The deputy defendants seek dismissal of Counts V through XV of Plaintiff's second amended complaint on the ground that "Plaintiff's Second Amended Complaint is devoid of any factual allegations describing the alleged conduct or misconduct of each of these individual deputies, that supposedly violated the Plaintiff's constitutional rights to be free from cruel and unusual punishment." (Doc. 122 at 6-7).  Accordingly, argue these defendants, the individual deputies are not "on notice as to what exactly is it that they did or did not do, that led to the alleged violation of Plaintiff's constitutional rights." <u>Id.</u> at 7.

Defendants Thomas Bowman and Sandra Sternal seek dismissal of Plaintiff's counts against them on the grounds that: (1) any claim for injunctive relief is misdirected because "they are not prison administrators or medical providers and lack the requisite discretion and authority to prescribe or alter inmate diets and have no involvement or input with establishing CCJ food service policy (Doc. 114 at 5); (2) Plaintiff has failed to alleged that he suffered more than *de minimis* injury, and as a result, his claims for monetary damages are barred by 42 U.S.C. § 1997e(e); (3) Plaintiff's claims are improperly based upon a theory of *respondeat superior*; (4) neither Bowman nor Sternal participated in, or acquiesced in any conduct that purportedly caused the alleged deprivations; (5) Plaintiff's substantive allegations regarding his diet do not give rise to a constitutional violation; and (6) Plaintiff's retaliation claims against Bowman fail because Plaintiff is incapable of demonstrating that Bowman's allegedly retaliatory refusal to provide Plaintiff with the specific dietary accommodation he demanded actually deterred Plaintiff from filing grievances (Doc. 114 at 4-22). Bowman and Sternal also argue that punitive damages are not warranted against them because they endeavored to ensure that Plaintiff received the correct diet and they lacked the requisite authority to modify Plaintiff's diet. Id. at 24. Finally, Bowman and Sternal assert that they are entitled to qualified immunity. Id. at 24-25. Plaintiffs Bowman and Sternal have attached to their

motion to dismiss affidavits from both Bowman and Sternal, copies of the medically prescribed diet they provided to Plaintiff and, several hundred pages of grievances filed by Plaintiff regarding the condition and/or constitution of his food (Doc. 116; Doc. 117; Doc. 118).

## II.  **Legal Standards**

### a.   ***Standard of review for a motion to dismiss***

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed.  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  The Court must accept all factual allegations in Plaintiff's second amended complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  Conclusory allegations, however, are not entitled to a presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (discussing a Rule 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss.  Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).  A claim is plausible if the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  The plausibility standard

requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 556 (2007); Marsh, 268 F.3d at 1036 n.16.   Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Iqbal, 556 U.S. 662, 677.   "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal modifications omitted).   Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**b.   *Standard of review under 28 U.S.C. § 1915A***

Because Plaintiff filed this action against a governmental entity and employees of a governmental entity while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> The court shall review . . . a complaint in a
> civil action in which a prisoner seeks redress
> from a governmental entity or officer or
> employee of a governmental entity. . . . On
> review, the court shall . . . dismiss the
> complaint, or any portion of the complaint, if
> the complaint is frivolous, malicious, or fails
> to state a claim upon which relief may be
> granted; or seeks monetary relief from a
> defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) regardless of whether the filing fee has been paid. Martin v. Scott, 156 F.3d 578, 579 (5th Cir. 1998)(recognizing that

§ 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP.").  In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). Therefore, the standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A(b)(1). See Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001)(noting that the language in § 1915A(b)(1) mirrors the language in 28 U.S.C. § 1915(e)(2)(B)(ii), which tracks the language in Rule 12(b)(6)).

### c. The Court will not convert the motions to dismiss filed by Defendants Bowman, Sternal, and Trinity Services Group into motions for summary judgment

The motions to dismiss filed by Defendants Bowman, Sternal, and Trinity Group, Inc. place before the Court the procedural question of whether the motions must be converted into Rule 56 motions because these defendants have supported their motions with extraneous documents.  Ordinarily, Rule 12(d) requires that, if matters outside the pleadings are presented in support of a Rule 12(b)(6) motion, the motion must be converted to a motion for summary judgment under Rule 56, unless the Court excludes the extrinsic matter. Fed. R. Civ. P. 12(d). However, a court may consider documents attached to a motion to dismiss without converting the motion into one for

12

summary judgment if the attached documents are central to the plaintiff's claims and undisputed in terms of authority. <u>See</u> <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002). Moreover, the reference of documents by incorporation doctrine also allows a court to consider documents not attached to the complaint, because "a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document if that document is central to the plaintiff's claims." <u>Daewoo Motor Am. v. General Motors Corp.</u>, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006)(internal quotations omitted); <u>Halmos v. Bomardier Aerospace Corp.</u>, 404 F. App'x 376, 377 (Dec. 7, 2010) (on reviewing a Rule 12(b)(6) motion to dismiss, the court may consider documents incorporated into the complaint by reference).

Here, Plaintiff repeatedly references the grievances he filed with the defendants in connection with his claims (Doc. 113 at ¶¶ 21, 27, 31, 157, 162, 172). Therefore, these documents were incorporated by reference into Plaintiff's second amended complaint and may be considered by the Court without converting Bowmans's, Sternal's, and Trinity's motions to dismiss into Rule 56 motions for summary judgment. However, the affidavits submitted by Defendants Bowman and Sternal are not documents that were referenced in Plaintiff's complaint. Consequently, the Court will not consider the

affidavits submitted by Bowman and Sternal and declines to convert the motions to dismiss into Rule 56 motions for summary judgment. After the conclusion of discovery, Defendants Bowman, Sternal, or Trinity may resubmit the instant motions for consideration as motions for summary judgment or these defendants may file new motions for summary judgment.

### III. <u>Analysis</u>

#### a. *The claims raised in Counts I - IV for injunctive and declaratory relief are dismissed as moot*

In Counts I through IV, Plaintiff seeks injunctive and declaratory relief under the ADA and pursuant to § 1983 requiring Kevin Rambosk to allow Plaintiff to have "equal access, rights and privilege, unhindered by his disability, to use the jail facilities and interact with other inmates." (Doc. 113 at ¶¶ 41, 57). However, because Plaintiff is no longer incarcerated at the Collier County Jail, the issues of injunctive and declaratory relief are moot. <u>See McKinnon v. Talladega County, Alabama</u>, 745 F.2d 1360, 1362 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." (citation omitted)); <u>Cotterall v. Paul</u>, 755 F.2d 777, 780 (11th Cir. 1985) (prisoner's individual claim for injunctive relief was moot and properly dismissed, where prisoner had been transferred from county jail in which unconstitutional conditions allegedly existed); <u>Spears v. Thigpen</u>, 846 F.2d 1327, 1328 (11th Cir. 1988) ("[A]n inmate's claim for injunctive and declaratory

relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Accordingly, Claims I, II, III and IV are dismissed as moot, and Plaintiff's claims are limited to retrospective relieve for "alleged past wrongs." <u>McKinnon</u>, 745 F.2d at 1363; 28 U.S.C. § 1915A(b)(1).

        **b.** ***Counts V – XV are dismissed because Plaintiff has not adequately stated claims against individual deputy defendants Alan Crooks, David Dellinger, Richard Daniels, Virginia Wilson, Nino Armino, Nelson Ray, Lynn O'Haver, Richard Gibbons, Patricia Gifford, Beth Richards, or Kevin McGowan***

In Counts V through XV of Plaintiff's second amended complaint, he argues that the acts of each deputy defendant violated his "constitutional rights under the Eight[h] and Fourteenth Amendments against cruel and unusual punishment." (Doc. 113 at ¶¶ 71, 74, 77, 80, 83, 86, 89, 92, 95, 98, and 101). Although Plaintiff generally asserts that each individual deputy defendant "was a deputy sheriff and/or correctional officer who engaged in the conduct referred herein the General Allegation above," Plaintiff makes no specific allegations against any of these individual defendants (Doc. 113 at ¶¶ 70, 73, 76, 79, 2, 85, 88, 91, 94, 97, and 100).

The General Allegations in Plaintiff's second amended complaint
are numerous and include, *inter alia*, allegations that the cells in
the Collier County Jail are too small to allow Plaintiff to properly
operate his wheelchair, claims that the diet prescribed by the
medical department was not provided to him by food services; claims
that he was denied the wheelchair prescribed by the medical
department; claims that the grievances he filed resulted in
retaliation; and claims that the jail's policy of requiring that
prisoners eat in the cafeteria resulted in missed breakfast on a
repeated basis due to Plaintiff's inability to properly clean himself
in time for breakfast (Doc. 1 at 4-9). Plaintiff does not explain
how each of the twenty-four defendants in this action is responsible
for each of the alleged wrongs.

In order to make out a prima facie case under § 1983, a plaintiff
must show that a given defendant took some action which *caused* the
injury in question. See Kentucky v. Graham, 473 U.S. 159, 166 (1985)
(to establish personal liability under § 1983, a plaintiff must show
that "the official, acting under color of state law, caused the
deprivation of a federal right."). Plaintiff's second amended
complaint does not allege a single action taken by any named deputy
defendant in Counts V - XV.  In addition, Plaintiff alleges numerous
other instances of wrongdoing for which the deputy defendants could
not reasonably be held liable, yet Plaintiff still alleges that each
individual medical defendant "engaged in the conduct referred to in

16

the General Allegation[.]" (Doc. 113 at ¶¶ 70, 73, 76, 79, 82, 85, 88, 91, 94, 97, and 100).

The individual defendants are not required to "sift through the facts presented and decide for [themselves] which were material to the particular cause of action asserted." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1296 n. 9 (11th Cir. 2002) (internal citations omitted); Beckwith v. Bellsoutn Telecomms., Inc., 146 F. App'x 368, 373 (11th Cir. 2005) (categorizing complaint as a "shotgun pleading" because "[o]nly a few of [the plaintiff's] claims were specific as to any defendant, and the relevant facts were not segregated to each of their respective claims," making it "virtually impossible to ascertain which factual allegations correspond with each claim."). As such, even if the facts as alleged by Plaintiff are sufficient to demonstrate that he may have suffered injury while incarcerated at the Collier County Jail, this Court cannot draw a "reasonable inference" that any particular defendant is liable for any specific alleged injury. Iqbal, 129 S. Ct. at 1949.

The Eleventh Circuit has stated that, when faced with a shotgun pleading, a district court should require the parties to file an amended complaint rather than allow such a case to proceed. Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). Accordingly, Counts V through XV against Alan Crooks, David Dellinger, Richard Daniels, Virginia Wilson, Nino Armino, Nelson Ray, Lynni O'Haver, Richard

17

Gibbons, Patricia Gifford, Beth Richards, and Kevin McGowan are dismissed without prejudice for failure to comply with Rules Eight and Ten of the Federal Rules of Civil Procedure and because the second amended complaint fails state a claim upon which relief may be granted against these defendants.[3]

> ### c.    Counts XVI – XXI are dismissed because Plaintiff has not stated claims against individual medical defendants Indiana Cruz, Maryam Nabavi, Jannette Valentin, Marcia Eckloff, Priscilla Upton, or Elizabeth Alfieri

In Counts XVI through XXI, Plaintiff argues that the acts of each medical defendant violated his "constitutional rights under the Eight[h] and Fourteenth Amendments against cruel and unusual punishment." (Doc. 113 at ¶¶ 104, 107, 110, 113, 116, and 119). Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 97 (1976). To state a claim of deliberate indifference, a plaintiff must allege: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury. Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

---

[3] In Counts XXIX and XXX, Plaintiff alleges separate retaliation claims against Defendants Kevin McGowan and Alan Crooks (Doc. 113 at 24-25). These claims are not dismissed because they are not at issue in the instant motion to dismiss, and have been answered in a separate pleading (Doc. 121).

In paragraph nineteen of Plaintiff's second amended complaint, he asserts that "Defendants Indiana Cruz, Marcia Eckloff, Priscilla Upton, Maryam Nabavi, Jannette [Valentin], and Elizabeth Alfieri were at all times material employees of PHS and or Corizon and were acting under color of law, employed to provide medical and non-medical services to the inmates housed at the jail." (Doc. 113). Plaintiff then individually states that each medical defendant "engaged in the conduct referred to in the General Allegation[s.]" (Doc. 113 at ¶¶ 103, 106, 109, 112, 115, and 118). Plaintiff makes no other specific allegations against these individual defendants.

As noted above, the General Allegations in Plaintiff's second amended complaint are numerous and include, *inter alia*, allegations regarding the inadequate provision of medical care, the quality of his medically prescribed diet, and claims regarding the small size of his jail cell. The claims are not specific as to any specific defendant and the relevant facts are not segregated as to each of their respective claims. Although Plaintiff does appear to generally aver that he was denied adequate medical care, Plaintiff does not explain how any individual defendant is personally responsible for any alleged constitutional violation or how the defendants engaged in conduct that violated his constitutional rights.

Accordingly, Counts XVI – XXI of Plaintiff's second amended complaint are dismissed without prejudice because Plaintiff has failed to satisfy the pleading requirements under the Federal Rules

of Civil Procedure.  *See* Beckwith, 146 F. App'x at 373; discussion *supra* Part I(b).

> ### d.   Counts XXIV and XXV are dismissed for failure to state a claim upon which relief may be granted

In Counts XXIV and XXV, Plaintiff generally asserts that every individual defendant caused Plaintiff "to suffer because of his disability" due to "an official policy, procedure ordinance or directive of the Collier County Sheriff's Office to refuse to accommodate in any manner, detainees with specific needs due to their disabilities." (Doc. 113 at ¶ 127, 131).

Plaintiff does not name any specific defendant or explain his cause of action other than to title theses claims "42 U.S.C. § 1983 – Action Against Official Capacity Defendants" and "ADA-Official Capacity Claim Against Official Capacity Defendants." (Doc. 113 AT 28).  Generally, a claim against an individual in his or her official capacity would be a claim against the entity for which the individual is employed. Jones v. Cannon, 174 F.3d 1271, 1293 n.15 (11th Cir. 1999) ("Official capacity claims are tantamount to a suit against the governmental entity involved.").  However, Plaintiff not only fails to name any specific "official capacity" defendant so as to provide notice to the entity being sued, Plaintiff's insistence on incorporating every general allegation into this complaint makes it impossible to discern the allegedly unconstitutional policy or conduct at issue.

Accordingly, Claims XXIV and XXV are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[4]

> **e.    *Counts XXVI and XXVII against the medical defendants are dismissed due to Plaintiff's failure to comply with Florida's pre-suit notice requirements***

In Counts XXVI and XXVII, Plaintiff asserts that the individual medical defendants and Corizon Health Services breached their duty "to provide reasonable care and services" to Plaintiff (Doc. 113 at ¶¶ 137, 143). Florida Statute § 766.106 – part of the Comprehensive Medical Malpractice Reform Act of 1985 – identifies medical negligence or medical malpractice claims as those "arising out of the rendering of, or the failure to render, medical care or services." § 766.106(1)(a), Fla. Stat. A claimant must comply with certain procedural requirements prior to initiating a lawsuit, including providing the defendant with a notice of intent to sue and conducting presuit screening. Id. at §§ 766.106(2) and 766.203(2). "No suit may be filed for a period of 90 days after notice is mailed to any prospective defendant." Id. at § 766.106(3)(a). These requirements are conditions precedent to maintaining a suit for medical malpractice. Univ. of Miami v. Wilson, 948 So. 2d 774, 776

---

[4] To the extent that Plaintiff intended Counts XXIV and XXV to be construed as official capacity claims for damages against Kevin Rambosk as Sheriff of Collier County based upon the Sheriff Department's failure to accommodate Plaintiff's disability, Plaintiff should so state in an amended complaint.

(Fla. 3d DCA 2006).   A complaint alleging medical malpractice is
properly dismissed if these provisions are not satisfied.  Goldfarb
v. Urciuoli, 858 So. 2d 397, 398-99 (Fla. 1st DCA 2003).  A plaintiff
is typically afforded leave to amend, however, if the statutory
period for initiating suit has not "run before the plaintiff attempts
to fulfill the presuit notice or screening requirements."  Southern
Neurological Assocs., P.A. v. Fine, 591 So. 2d 252, 255 (Fla. 4th
DCA 1991). Thus, if Plaintiff's suit is one for malpractice rather
than ordinary negligence and if the medical defendants are "health
care providers" Plaintiff's suit should be dismissed with leave to
file a new complaint after complying with the statutory prerequisites
to bringing suit.

    Plaintiff attempts to avoid the presuit screening and notice
requirements of Florida's statutory scheme by arguing that he is
suing under ordinary negligence and that "[w]ithout relying upon the
professional standard of care, Plaintiff has alleged that Defendants
failed to provide Plaintiff with access to appropriate supplies while
Plaintiff was incarcerated." (Doc. 128 at ¶ 12). A review of
Plaintiff's second amended complaint, however, indicates that
Plaintiff is attempting to predicate liability upon the medical
defendants based upon these defendants' failure to recognize that he
was "medically required to insert three sterile stents per day to
maintain his health" and that he was not provided with an adequate
supply of stents or sterile latex gloves to maintain "healthy sterile

22

procedures during the urination and [defecation]." (Doc. 113 at 7). The necessity for a medical stent and the frequency of the stent's replacement is a matter of professional judgment. Therefore, Plaintiff's claims against these defendants directly relate to the medical diagnosis, treatment, and care by a healthcare provider in a correctional setting. Because the resolution of this case will require the application of the prevailing professional standard of care for a healthcare provider, the Court determines that Plaintiff was required to comply with the presuit procedural statutory requirements. See Nelson v. Prison Health Servs., Inc., 991 F. Supp. 1452, 1466 (M.D. Fla. 1997) ("It is not disputed, however, that PHS and the Nurses are 'health care providers' for purposes of the statute, and so the question is whether Plaintiff has come forward with sufficient evidence that [their] alleged actions . . . represented a breach of the prevailing professional standard of care.") (citations and internal quotation marks omitted).

Accordingly, Plaintiff's negligence claims against the medical defendants are dismissed without prejudice to refile upon satisfaction of §§ 766.106 and 766.203 of the Florida Statutes.

### f. *The claims against Defendants Thomas Bowman, Sandra Sternal, and Trinity Group, Inc. are dismissed in part*

In Counts XXII and XXIII, Plaintiff sues Defendants Thomas Bowman and Sandra Sternal under 42 U.S.C. § 1983 for violation of his Eighth Amendment right against cruel and unusual punishment (Doc.

23

113 at 26-27). Other than asserting that these defendants are "nutritional services provider[s] employed by Trinity and provide[] nutritional service to inmates at the Collier County Jail facility," Plaintiff makes no specific allegations against these defendants under the headings of the counts against them. In Count XXVIII, Plaintiff asserts that Trinity Services Group, Sandra Sternal, and Tom Bowman were negligent by not providing Plaintiff with an appropriate renal diet (Doc. 113 at ¶ 147-49).

Plaintiff does appear to attempt to allege specific facts against these defendants in paragraph twenty-seven of his "General Allegations" which states:

> Defendants Trinity, Bowman, and Sternal were well aware of these dietary needs, both through medical prescriptions and grievances filed by Plaintiff. Defendants consistently failed to meet the medically required dietary needs of Plaintiff and habitually refused to correct the violations. Plaintiff notified all relevant Defendants of the dietary violation and the danger of conditions caused by deviations from those dietary needs on numerous occasions. All of Plaintiff's requests were ignored.

(Doc. 113 at ¶ 27). Accordingly, the Court will assume that the allegations against these defendants concern only the provision of food at the Collier County Jail, and to the extent Plaintiff intended to hold these defendants accountable for any of the other alleged constitutional harms he suffered, such claims are dismissed for failure to state a claim upon which relief may be granted (Doc. 113 at ¶¶ 121, 125).

The Eighth Amendment requires that prison officials provide inmates with basic necessities including "adequate food, clothing, shelter and medical care. . . ." Farmer v. Brennan, 511 U.S. 825, 832–33 (1994). Prison food need only be "reasonably adequate" to pass constitutional muster. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required." Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977). Food that is adequate but unpleasant is sufficient. Hamm, 774 F.2d at 1567.

To state an Eighth Amendment violation, a prisoner must allege facts to satisfy an objective and subjective inquiry regarding a prison official's conduct and demonstrate the constitutional violation caused his injuries. Chandler v. Crosby, 379 F.3d 1278, 1289, 1291 n.21 (11th Cir. 2004); Marsh v. Butler County, 268 F.3d 1014, 1028 (11th Cir. 2001). Under the "objective" inquiry, a prisoner must allege a condition that is sufficiently serious so as to amount to the denial of a basic human need or objectively serious medical need. Chandler, 379 F.3d at 1289; Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). The condition must be extreme and pose an unreasonable risk of serious damage to the prisoner's future health or safety. Restrictive or even harsh conditions alone do not rise to the level of an Eighth Amendment violation. Id.

Under the "subjective" inquiry, the prisoner must allege the official acted with at least deliberate indifference. Farrow v. West,

25

320 F.3d 1235, 1245 (11th Cir. 2003); see Taylor, 221 F.3d at 1258. Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow, 320 F.3d at 1245; see Taylor, 221 F.3d at 1258 (response by officials to medical needs must be poor enough to constitute an unnecessary and wanton infliction of pain, not merely accidental inadequacy or negligence).

Defendant Bowman's responses to the 206 grievances filed by Plaintiff regarding his dissatisfaction with his meals at the Collier County Jail belie Plaintiff's current assertion that his requests that he be provided with different food were "ignored." (Doc. 113 at ¶ 27). Moreover, the fact that Defendant Bowman denied Plaintiff's grievances regarding the temperature and general dissatisfaction with the food served at the Collier County Jail is insufficient to impose liability under § 1983. See Larson v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007) (finding that a defendant's "denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations"); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005) (per curiam) ("Because the failure of [the defendants] to take corrective action upon the filing of [the plaintiff]'s administrative appeal at the institutional level did not amount to a violation of due process, the district court properly determined that [the plaintiff] failed to state a claim under § 1983"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)

(finding that prison officials whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that the failure to act constituted an acquiescence in the unconstitutional conduct). However, if Plaintiff is able to present evidence that Defendants Bowman and Sternal knew of a significant risk of serious harm to Plaintiff and ignored that risk by deliberately, rather than negligently, failing to follow a medically prescribed renal diet, he may be able to prove that these defendants were deliberately indifferent to his serious medical needs.

Accordingly, to the limited extent that they are based solely upon Defendants Bowmnan's and Sternal's alleged failure to provide Plaintiff with an appropriate renal diet, Counts XXII and XXIII are not dismissed at this time. Likewise, Plaintiff's pendant state-law negligence claims against Trinity Services Group, Sandra Sternal, and Thomas Bowman (Count XXVIII) based upon these defendants' failure to provide Plaintiff with a medically prescribed renal diet will not be dismissed at this time. To the extent that Plaintiff intended to raise additional claims against these defendants in Counts XXII, XXIII, and XXVII, the claims are dismissed for failure to state a claim upon which relief may be granted.

### g.   *Count XXXII against Defendant Thomas Bowman is not dismissed*

In Count XXXII, Plaintiff asserts that Defendant Tom Bowman retaliated against him for filing grievances (Doc. 113 at 38).

Specifically, Plaintiff asserts that "Defendant Tom Bowman, as a result of Plaintiff's utilization of the grievance process refused to make reasonable accommodations to provide Plaintiff with his medically ordered renal diet." (Doc. 113 at ¶ 172).

An inmate may maintain a cause of action for retaliation under 42 U.S.C. § 1983 by showing that a prison official's actions were "the result of [the inmate's] having filed a grievance concerning the conditions of his imprisonment." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). To establish a First Amendment retaliation claim, a prisoner need not allege the violation of an additional separate and distinct constitutional right; instead, the core of the claim is that the prisoner is being retaliated against for exercising his right to free speech. Id. To prevail on a retaliation claim, the inmate must establish that: (1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the official's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).

Because there are genuine issues of material fact as to whether Defendant Bowman retaliated against Plaintiff, Defendant Bowman not entitled to dismissal of Count XXXII at this stage of the proceedings.

28

### IV.  Conclusion

Counts I – XVII and XXIV – XXVII are dismissed without prejudice.  Should the facts support such amendment, Plaintiff may file a third amended complaint addressing Counts V-XVII and Counts XXIX – XXXII within fourteen days from the date on this Order. Plaintiff's third amended complaint should completely re-plead all counts he wishes to pursue.  Any count not pleaded in the amended complaint shall be deemed abandoned by the Court.

If Plaintiff chooses not to file a third amended complaint, this case will proceed on Counts XVIII – XXIII and XXVIII – XXXII of Plaintiff's second amended complaint.  In that case, the remaining defendants will file an answer to the remaining counts in Plaintiff's second amended complaint.

Accordingly, it is hereby **ORDERED:**

1.  Plaintiff's claims for injunctive and declaratory relief (Counts I – IV) are **dismissed** without prejudice as moot. 28 U.S.C. § 1915A(b)(1).

2.  The motion to dismiss Counts V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV of Plaintiff's second amended complaint filed by Defendants Nino Armino, Alan Crooks, Richard Daniels, David Dellinger, Richard P. Gibbons, Patricia Gifford, Kevin McGowan, Lynni O'Haver, Nelson P. Ray, Beth Richards, and Virginia Wilson (Doc. 122) is **GRANTED.**  Counts V – XV are dismissed without prejudice

for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

3.   Counts XXIV and XXV of Plaintiff's second amended complaint are **dismissed** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

4.   The motion to dismiss filed by Defendants Corizon Health, Inc., Indiana Cruz, Maryam Nabavi, Janette Valentin, Marcia Eckloff, Priscilla Upton, and Elizabeth Alfieri (Doc. 119) is **GRANTED.** Counts XVI – XXI of Plaintiff's second amended complaint are dismissed without prejudice for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).   Counts XXVI – XXVII are dismissed without prejudice for failure to comply with the pre-suit notice requirements of Florida Statute § 766 and for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

5.   The motion to dismiss or alternative motion for summary judgment filed by Defendants Thomas Bowman and Sandra Sternal is **GRANTED IN PART** and **DENIED IN PART** (Doc. 114).   The motion is denied to the extent that Counts XXII and XXIII are based upon these defendants alleged failure to provide Plaintiff with an appropriate renal diet.   To the extent that Plaintiff intended to raise additional claims against Defendants Bowman or Sternal in Counts XXII and XXIII, the motion to dismiss is granted.

6.   The motion to dismiss or alternative motion for summary judgment filed by Trinity Services Group (Doc. 115) is **DENIED.**

7.   Plaintiff has **fourteen days** to file a third amended complaint that comports with the provisions of this Opinion and Order.  If Plaintiff does not file a third amended complaint, the remaining defendants shall file an answer to the remaining counts in Plaintiff's second amended complaint within **twenty-one days** of the expiration of the fourteen day period.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___9th___ day of January, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


SA:  OrlP-4 1/9/14
Copies furnished to:
All parties or record